# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

**LEKA G. GJELAJ, an Individual,**
**KRISTINA GJELAJ, an Individual,**
**ALBIN GJELAJ, an Individual,**
**MIRJANA GJONAJ, an Individual,**

|  |  |
|---|---|
| **Plaintiffs,** | Case No. |
|  | Hon. |
| **v.** | |

**CHARTER TOWNSHIP OF SHELBY,**
**a Municipal corporation,**
**SHELBY TOWNSHIP OFFICER A,**
**in his individual capacity,**
**SHELBY TOWNSHIP OFFICER B,**
**in his individual capacity,**
**SHELBY TOWNSHIP OFFICER B,**
**in his individual capacity,**

**Defendants.**

_____/

Peter Gojcaj (P68888)
GOJCAJ LEGAL GROUP, PLLC
Attorney for Plaintiffs
838 W. Long Lake Rd., Suite 215
Bloomfield Hills, MI 48302
(248) 396-2088

_____/

There is no other pending or resolved civil action arising from the transaction or

occurrence alleged in this Complaint.


## **COMPLAINT**

1

NOW COME Plaintiffs, by and through their attorneys, GOJCAJ LEGAL GROUP, PLLC, and for their Complaint states as follows:

## PARTIES

1. Plaintiff Leka G. Gjelaj is an adult individual residing in the Township of Shelby, State of Michigan, within the Eastern District of Michigan.

2. Plaintiff Kristina Gjelaj is an adult individual residing in the Township of Shelby, State of Michigan, within the Eastern District of Michigan.

3. Plaintiff Albin Gjelaj is an adult individual residing in the Township of Shelby, State of Michigan, within the Eastern District of Michigan.

4. Plaintiff Mirjana Gjonaj is an adult individual residing in the County of Macomb, State of Michigan, within the Eastern District of Michigan.

5. Defendant Township of Shelby (hereinafter "Shelby") is a Municipal Corporation existing by virtue of the Constitution and Law of the State of Michigan.

6. DEFENDANT SHELBY POLICE OFFICER A (hereinafter "Officer A") was, at all times relevant to this Complaint, a duly appointed and acting police officer of the Shelby Police Department.

7. DEFENDANT SHELBY POLICE OFFICER B (hereinafter "Officer

B") was, at all times relevant to this Complaint, a duly appointed and acting police officer of the Shelby Police Department.

8. DEFENDANT SHELBY POLICE OFFICER C (hereinafter "Officer C") was, at all times relevant to this Complaint, a duly appointed and acting police officer of the Shelby Police Department.

9. DEFENDANT SHELBY POLICE OFFICER D (hereinafter "Officer D") was, at all times relevant to this Complaint, a duly appointed and acting police officer of the Shelby Police Department.

## JURISDICTION AND VENUE

10. Venue is proper under 28 U.S.C. section 1391, as all of the causes of action set forth in this Complaint arose within the Shelby Township, and Plaintiffs and Defendants all reside within the Eastern District of Michigan.

11. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988.

12. The Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343.

## GENERAL ALLEGATIONS

13.   Plaintiffs Leka and Kristina Gjelaj are the legal owners of a residential home located at: 55400 Macintosh, Shelby Township, MI ("Subject Property").

14.   The rest of the Plaintiffs either live at the home or were invited by the owners of the home, so they were legally at the Subject Property.

15.   On September 5, 2025, at approximately 8:00 PM, the Shelby Township police department, approximately 20 police officers in total, arrived at the Subject Property.

16.   Some or all of the 20 police officers had automatic and/or semi-automatic weapons drawn, pointing at the home and at the Plaintiffs.

17.   Other members of Plaintiffs' family, including small children, witnessed automatic weapons drawn, pointing at them.

18.   Suddenly and without warning and without legal cause, police demanded that Plaintiffs exit the Subject Property and their home.

19.   The Defendants had no warrant, either to arrest or enter into the Subject Property.

4

20.     The Plaintiffs were arrested without legal cause or probable cause.

21.     As a direct and proximate result of the officer(s) actions and Shelby's actions, Plaintiffs suffered injuries, including but not limited to:

    a) Serious injuries to their neck and back, as well as other related and appreciable difficulties, injuries, or consequences that have occurred, developed, or aggravated any preexisting problem that might have existed;

    b) Pain, suffering, and mental anguish;

    c) Other damages, injuries, and consequences that are found to be related to this incident that developed during the course of discovery.

22. All of the Officers and Shelby worked together to arrest Plaintiffs, without legal cause or probable cause.

23. At no time at the scene were Plaintiffs told they had a warrant for their arrest, that they were committing a crime in the sight of the police officers, or that they were suspected of a crime.

24. Plaintiffs made no admissions to any criminal activity and repeatedly denied any involvement in any crime.

25. The Defendants entered the Subject Property without warrant or consent.

26. There was no legal basis whatsoever for the arrest, detainment of Plaintiffs or entering into the Subject Property.

27. The Officers' and Shelby's actions provided herein did directly and proximately cause Plaintiffs to suffer injuries.

28. The Officers' and Shelby's actions provided herein did directly and proximately cause Plaintiff to suffer pain and trauma that has been ongoing since the date of their false arrest.

29. The Officers' and Shelby's actions provided herein did directly and proximately cause Plaintiffs to suffer psychological trauma.

## COUNT I - VIOLATION OF 42 U.S.C. 1983 (UNLAWFUL ARREST AND UNLAWFUL ENTERING AND SEARCH OF HOME)

30. Plaintiffs hereby incorporate by reference the preceding paragraphs as if the same were set forth herein in full.

31. Upon information and belief, Defendant Shelby and its police department authorized and tolerate, as an institutional practice, the excessive use of force by officers in the Shelby Police Department by:

   a) Failing to properly train, supervise, and/or discipline employees, including the Defendants, which is known or should be known, to be irresponsible in their dealing with citizens of the community;

   b) Failing to take adequate precautions in the hiring, promotion, and retention of police officers, including but not limited to Defendants;

   c) Failing to take adequate precautions in the hiring, promotion, and

6

retention of police officers, including, but not limited to Defendants;

d) Failing to establish and assure a bona fide and meaningful departmental system for investigating complaints of police misconduct/excessive force;

e) Failing to discipline officers using excessive force and covering up their misconduct, thereby encouraging the use of excessive force by officers in the Shelby Township Police Department;

f) Failing to have in place a written policy on authorized use/unauthorized use of excessive force when officers are responding to a welfare check of a citizen;

g) Failing to have in place a written policy on the authorized use/unauthorized use of excessive force after the welfare of a citizen is positively confirmed or not confirmed; and/or

h) Defendant Shelby Township's failure under the circumstances to properly supervise, train, investigate, and/or discipline the named officers and others who engaged in conduct similar to Defendants, was objectively unreasonable and demonstrated a deliberate indifference to the application of excessive force, unlawful arrests, and malicious prosecutions against citizens in the Shelby Township.

32. As a direct and proximate result of the acts and omissions of the Defendant Shelby Township, Plaintiffs suffered severe and permanent injuries as set forth herein.

33. As provided herein, Defendants' conduct, including removing Plaintiffs from the Subject Property, and arresting Plaintiffs, without justifiable reason and causing injuries, amounted to abuse and excessive force that is utterly intolerable in a civilized society and amounted to Plaintiffs suffering the infliction of emotional distress.

   a) Intentional wrongful acts of its employees and/or agents committed during the course of employment and within the scope of authority;

   b) Intentional, willful and wanton, reckless, deliberately indifferent, gross negligent and/or negligent acts and/or omissions which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and of the State of Michigan;

   c) All intentional and ultra vires conduct of its agents, employees and officers;

   d) All negligent and otherwise wrongful violations of ministerial duties; and

   e) Acts and omissions of its officers done pursuant to its policies and procedures, customs and practices.

34. That Defendants, including the Officers and others, did, during the course of their contact with Plaintiff, make unjustified, non-privileged, non-consensual, and unlawful contact with Plaintiff while acting under color of

law, during the course of their employment and within the scope of their authority.

35. Instead of responding appropriately to Plaintiffs, Defendant Officer(s) chose to falsely arrest Plaintiffs, without cause or justification.

36. The actions of Defendant Officers were intentional, unjustified, negligent, grossly negligent, willful, wanton, reckless, deliberately indifferent, malicious, and oppressive, without regard to human dignity or presence.

37. Defendant Officers' conduct in falsely arresting Plaintiffs as provided for herein amounted to abuse and excessive force that is utterly intolerable in a civilized society and amounted to intentional infliction of emotional distress.

38. Plaintiffs, discussed infra, were ultimately arrested without probable cause and were never charged with any crime at any time.

39. Plaintiffs claim damages for the injuries set forth below under 42 U.S. C. § 1983 against the Defendants for violation of their constitutional rights as they acted under the color of law.

40. As a result of the actions and inactions of all Defendants as set forth in this Complaint, Plaintiffs suffer and continue to suffer damages including but not limited to:

    a) Extreme pain and Humiliation;

9

b) Neck and back pain injuries;

c) Fright;

d) Shock;

e) Fear;

f) Outrage;

g) Emotional distress;

h) Psychological distress;

i) Physical distress;

j) Anguish;

k) Other physical, psychological, and emotional damages; and

l) Loss of liberty.

41. By reason of their acts as set forth in this Complaint, Defendants acted under color of state law and with oppression and malice to subject Plaintiffs to the deprivation of their rights, privileges, and immunities secured by the Constitution and laws to wit:

a) Plaintiffs' right not to be deprived of liberty or property without due process of law, as secured by the Fifth and Fourteenth Amendments to the Constitution of the United States of America;

b) Plaintiffs' right not to be subjected to unreasonable search and seizures, as provided by the Fourth Amendment of the Constitution;

c) Plaintiffs' right to be guaranteed equal protection of the laws, as provided by the Fourteenth Amendment to the Constitution of the United States of America; and

d) Plaintiffs' right to be free from the use of excessive force and false imprisonment.

WHEREFORE, Plaintiffs respectfully requests that this Court award damages for Plaintiffs and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## COUNT II – EXTREME PAIN AND HUMILIATION

42. Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were set forth herein in full.

WHEREFORE, Plaintiff respectfully requests that this Court award damages for Plaintiff and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## COUNT III – NECK AND BACK PAIN INJURIES

43. Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were set forth herein in full.

WHEREFORE, Plaintiff respectfully requests that this Court award damages for Plaintiff and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

## COUNT IaV – VIOLATION OF 42 USC 1983: AS TO DEFENDANT UNKNOWN OFFICERS

44. Plaintiff hereby incorporates by reference the preceding paragraphs as if the same were set forth herein in full.

WHEREFORE, Plaintiff respectfully requests that this Court award damages for Plaintiff and against Defendants, jointly and severally, in an amount exceeding $75,000, plus interest, costs and attorney fees. Plaintiff further requests an award for punitive and/or exemplary damages and to grant such other and further relief as is consistent with law and which this Honorable Court deems just and proper.

GOJCAJ LEGAL GROUP, PLLC


By: */S/ Peter Gojcaj*
Peter Gojcaj (P68888)
Attorney for Plaintiffs
838 W. Long Lake Rd., Ste. 215
Bloomfield Hills, MI 48302
(248) 396-2088

Dated:  August 3, 2026

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

**LEKA G. GJELAJ, an Individual,**
**KRISTINA GJELAJ, an Individual,**
**ALBIN GJELAJ, an Individual,**
**MIRJANA GJONAJ, an Individual,**

          **Plaintiffs,**                                  Case No.
                                                            Hon.

**v.**

**CHARTER TOWNSHIP OF SHELBY,**
**a Municipal corporation,**
**SHELBY TOWNSHIP OFFICER A,**
**in his individual capacity,**
**SHELBY TOWNSHIP OFFICER B,**
**in his individual capacity,**
**SHELBY TOWNSHIP OFFICER B,**
**in his individual capacity,**

          **Defendants.**
_____/
Peter Gojcaj (P68888)
GOJCAJ LEGAL GROUP, PLLC
Attorney for Plaintiffs
838 W. Long Lake Rd., Suite 215
Bloomfield Hills, MI 48302
(248) 396-2088

_____/

## NOTICE OF JURY DEMAND

Now comes Plaintiffs who hereby demand a jury trial by all triable issues.

14

GOJCAJ LEGAL GROUP, PLLC


By: */S/ Peter Gojcaj*
Peter Gojcaj (P68888)
Attorney for Plaintiffs
838 W. Long Lake Rd., Ste. 215
Bloomfield Hills, MI 48302
(248) 396-2088

Dated:  August 3, 2026